Shiyanov v. Sessions

BIA
Poczter, IJ
A088 447 180

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of June, two thousand eighteen.

PRESENT:
>      JON O. NEWMAN,
>      BARRINGTON D. PARKER,
>      DEBRA ANN LIVINGSTON,
>           *Circuit Judges.*

_____

SERGEY ALEKSANDROVICH SHIYANOV,
AKA SERGEY SHIYANOV, AKA ANTOM
BAKLOV, AKA AMTOM BAYKLOV,
>           *Petitioner,*

>      v.                                        17-797
>                                                NAC

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
>           *Respondent.*

_____

FOR PETITIONER:          Richard W. Chen, New York, NY.

FOR RESPONDENT:          Chad A. Readler, Acting Assistant
                         Attorney General; John S. Hogan,
                         Assistant Director; Matthew A.

Spurlock, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Sergey Aleksandrovich Shiyanov, a native and citizen of Russia, seeks review of a February 16, 2017, decision of the BIA affirming an October 22, 2015, decision of an Immigration Judge ("IJ") denying Shiyanov's application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Sergey Aleksandrovich Shiyanov,* No. A 088 447 180 (B.I.A. Feb. 16, 2017), *aff'g* No. A 088 447 180 (Immig. Ct. N.Y. City Oct. 22, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The standards of review are well established. *See* 8 U.S.C.

2

§ 1252(b)(4)(B); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We find no error in the agency's conclusion that Shiyanov failed to meet his burden of proof as to either his claim of past persecution or his fear of future persecution and torture.

## I. Past Persecution

An applicant bears the burden of establishing eligibility for withholding of removal. 8 C.F.R. § 1208.16(b). To establish past persecution, Shiyanov had to show that the harm he suffered rose to the level of persecution and that it was on account of his religion. *See* 8 C.F.R. § 1208.16(b)(1); *Beskovic v. Gonzales*, 467 F.3d 223, 225-26 (2d Cir. 2006). An applicant's testimony alone may be sufficient to meet his burden of proof, if the testimony "is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee," but the IJ weighs the testimony and other evidence and may require corroboration of the applicant's claims. 8 U.S.C. § 1158(b)(1)(B)(ii).

The agency reasonably determined that Shiyanov's testimony about minor injuries was insufficient to establish past persecution, particularly given the single beating,

3

which did not occur in relation to any arrest or detention. *See Beskovic*, 467 F.3d at 226 (noting that the difference between harassment and persecution "is necessarily one of degree" (internal quotation marks omitted)); *Jian Qiu Liu v. Holder*, 632 F.3d 820, 822 (2d Cir. 2011) (upholding BIA's conclusion that minor beating outside of detention with no permanent injuries did not constitute persecution). Further, as the agency found, Shiyanov was unable to remember many details when asked to describe the first time he went to a Baptist church, despite it being a significant event in his decision to become a Baptist. *See, e.g.*, *Yan Juan Chen v. Holder*, 658 F.3d 246, 252 (2d Cir. 2011) (applicant's vague testimony was insufficient to sustain burden of proof when it lacked "details that one would expect from the victim of a coerced abortion").

Moreover, Shiyanov's documentary evidence did not otherwise satisfy his burden of proof. *See* 8 U.S.C. §§ 1158(b)(1)(B)(i), (ii), 1231(b)(3)(C). First, the IJ was not required to credit an email purportedly written by a former classmate in Russia that confirmed that Shiyanov sustained bruises from a beating because the email was unsworn

4

and Shiyanov offered no evidence concerning the identity of its author. *See Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013) (deferring to IJ's determination that unsworn letter submitted by an interested witness was entitled to little evidentiary weight); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (holding that the IJ has discretion to determine the weight of each piece of evidence); *Matter of H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 214 (B.I.A. 2010) (discounting documents that "were obtained for the purpose of the hearing, are unsigned and unauthenticated and fail to even identify the authors"), *vacated on other grounds by Hui Lin Lang v. Holder*, 677 F.3d 130 (2d Cir. 2012). Further, even if the IJ had given the email weight, it would not have established past persecution because it only showed that Shiyanov sustained bruises. *See Jian Qiu Liu*, 632 F.3d at 822. Second, Shiyanov offered a police certificate, which reflected that it was documenting Shiyanov's personal statements. The agency was not required to credit that certificate because Shiyanov testified that he did not go to the police after being attacked. *See Xiao Ji Chen*, 471 F.3d at 342.

## II. Future Persecution

Because he did not show past persecution, Shiyanov was not entitled to any presumption of future persecution. 8 C.F.R. § 1208.16(b)(2). The agency reasonably determined that Shiyanov failed to independently meet his burden of demonstrating that he would "more likely than not" be persecuted. 8 C.F.R. § 1208.16(b)(1)(ii). Shiyanov failed to show that he would likely be persecuted for practicing his Baptist faith because he admitted to only briefly attending a church in the United States and refused to explain why the priest and an usher at the church did not trust him enough to testify on his behalf. Accordingly, because he did not show that he was practicing his faith, there was no basis for finding that he would be targeted on account of that practice. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004) (requiring that fear be "objectively reasonable").

Shiyanov's arguments to the contrary fail. Although Shiyanov argues that the agency failed to account for his subjective fear, a fear must be both subjectively credible and "objectively reasonable." *Id*. In addition, Shiyanov's country conditions evidence reflects that Baptists and other

6

religious communities have been persecuted in Russia, but any claim of a pattern or practice of persecution fails because Shiyanov failed to establish that he is similarly situated given the lack of evidence of his religious practice. See 8 C.F.R. § 1208.16(b)(2) (requiring applicant to show either that he "would be singled out individually" or that "there is a pattern or practice of persecution of a group of persons *similarly situated* to the applicant . . . ." (emphasis added)).

In sum, Shiyanov's evidence failed to show past harm rising to the level of persecution or that he would engage in any practice of religion that would more likely than not make him a target of persecution in Russia. *See Beskovic*, 467 F.3d at 226; *Ramsameachire*, 357 F.3d at 178. Because he did not show that he would more likely than not suffer harm rising to the level of persecution, he similarly could not show that he would more likely than not be tortured as needed for a grant of CAT relief. *See Lecaj v. Holder*, 616 F.3d 111, 119–20 (2d Cir. 2010).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal

that the Court previously granted in this petition is VACATED,

and any pending motion for a stay of removal in this petition

is DISMISSED as moot.  Any pending request for oral argument

in this petition is DENIED in accordance with Federal Rule of

Appellate Procedure 34(a)(2), and Second Circuit Local Rule

34.1(b).

> FOR THE COURT:
> Catherine O'Hagan Wolfe,
> Clerk of Court

8